```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

WILLIE RABB,                          :

    Plaintiff,
                                                  :

vs.                                  CIVIL ACTION 11-0441-WS-M
                                                  :

THOMAS ALBRITTON,                     :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint, Motions to Proceed Without Prepayment of Fees and an Amended Complaint (Docs. 1, 2, 4, 7). Plaintiff's Motions to Proceed Without Prepayment of Fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as Plaintiff's Motions to Proceed Without Prepayment of Fees, to a Magistrate Judge. The consideration of these Motions requires the Magistrate Judge to screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1]

---

[1] Section 1915(e)(2)(B) provides:

(Continued)

After screening the action, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

These allegations are being treated by the Court as Plaintiff's intent to bring an action pursuant to the Court's federal question jurisdiction. *Lynkins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (stating that "[t]he law of this circuit . . . is that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute.") (quotation marks and citations omitted).  Although Plaintiff attempts to portray his claims as coming within the Court's subject matter jurisdiction, they do not.

Defendant Thomas Albritton ("Defendant") formerly represented Plaintiff in an employment discrimination civil action. Plaintiff's allegations in the Amended Complaint refer to racial discrimination and the violation of his civil and due

---

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

process rights by Defendant (Doc. 4).  Also, Plaintiff alleges that Defendant fraudulently misrepresented him and was in conspiracy with others to intentionally lose Plaintiff's case (Doc. 4).  Plaintiff's damages include net lost wages and benefits, compensation for his mental and emotional humiliation plus losses, punitive damages, pain, suffering, and mental anguish (Doc. 4, p. 6).  Additionally, Plaintiff includes a list of specific items and losses, for example, a wedding dress, a 2002 Bass Stream boat, and a personal business as DJ Rabb and Promotions Inc., among other items (Doc. 4, pp. 5-6).  However, Plaintiff does not explain how these losses are related to the alleged actions of Defendant (*see* Doc. 4).

**A. Authority to Dismiss for Lack of Subject Matter Jurisdiction**

In screening Plaintiff's Amended Complaint, the Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, \_\_\_\_, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where

3

a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and sua sponte whenever subject matter jurisdiction may be lacking. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

**B. Lack of Subject Matter Jurisdiction**

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk County. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). "An 'insubstantial' federal question is one that is either 'obviously without merit,' or one that is clearly foreclosed by previous Supreme Court decisions." *Id.* (quoting *Ex Parte Poresky*, 290 U.S. 30, 32, 54 S. Ct. 3, 4, 78 L. Ed. 152 (1933)). Here, Plaintiff does not allege that the parties are diverse, so the only inquiry that need be made by this Court is to discern whether the Plaintiff has invoked a federal question.

4

First, Plaintiff claims that Defendant violated Plaintiff's rights "given to him under the Civil Rights Act of 1964." (Doc. 4, p. 4).  Plaintiff states that Defendant "**clearly** violated Plaintiff [sic] rights to Due Process which is given unto him by the Fourteenth Amendment . . . [and] Plaintiff was the only Black American that was in the top spot position on his job and whose replacement was a white male." (*Id.*) (emphasis added). Plaintiff also claims that "Defendant treated similarly situated clients outside of the Plaintiffs [sic] racial class more favorably (Charles Thornton)" (*Id.*).

The Civil Rights Act of 1964 is the only law cited by Plaintiff.  This Act states that it is unlawful for an employer to intentionally discriminate against its employees based upon protected personal characteristics including race, color, religion, sex and national origin.  *See* Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.[2]  Plaintiff is not an employee of Defendant.  Also, Defendant is a private individual rather than a state actor.  *See* 42 U.S.C.A. § 1983[3],

---

[2] Title VII prohibits discrimination in the workplace by employers. *See* 42 U.S.C.  2000e et seq.

[3] To employ 42 U.S.C.A. § 1983 as a remedy for deprivation of a federally secured right, a plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law. Conversely, purely private conduct is not within the reach of the statute.

42 U.S.C.A. § 1985,[4] and 42 U.S.C.A. § 1986[5, 6].  Moreover, Plaintiff sets forth no facts of *how* Defendant treated other clients more favorably other than explaining that Defendant should have and did not win the civil action case against Georgia-Pacific and Georgia-Pacific Brewton, "clearly defaulted and intentionally, [sic] mishandled [Plaintiff's] case . . . to the benefits [sic] of [Georgia-Pacific and Georgia Pacific Brewton]", and "created a false document" in Plaintiff's case (Doc. 4, p. 2).  At the heart of Plaintiff's complaint before this Court is a complaint of malpractice and fraud rather than racial discrimination.

---

[4] Section 1985 authorizes a remedy against state actors who have conspired to deprive an individual of his civil rights. *See* 42 U.S.C. 1985 .

[5] Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under 1985. *See* 42 U.S.C. § 1986.

[6] While 42 U.S.C.A. § 1981 does state that private individuals "shall have the same right in every State and Territory to make and enforce contracts to sue ... and to the full and equal benefit of all laws... as is enjoyed by white citizens", discriminations claims brought under Section 1981 "have the same requirements of proof and use the same analytic framework" as those brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). *Springer v. Convergys Customer Mgmt. Group*, 509 F.3d 1344, 1347 n.1 (11th Cir. 2007).  In this instance, Plaintiff is in the position of the employer since he hired Defendant as his attorney.  Moreover, this Court finds that this case is ultimately one of malpractice and fraud rather than racial discrimination since Plaintiff offers no facts as to Defendant's discrimination other than stating such.

Second, Plaintiff articulates no facts explaining how his due process rights were violated by Defendant.  Plaintiff's malpractice and conspiracy claim[7] do not present a federal question to give rise to subject matter jurisdiction.  Therefore, there is no basis for this Court to have subject matter jurisdiction over this action.  Accordingly, the Court finds that Plaintiff's allegations do not present a federal question and that it lacks jurisdiction over this action.

"[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison*, 228 F.3d at 1261.  Therefore, based upon the foregoing reasons, it is recommended that this action be dismissed because the Court lacks subject matter jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

---

[7] While Sections 1985 and 1986 authorize a remedy against actors who have conspired to or negligently allowed an individual to be deprived of his or her civil rights, Plaintiff does not allege and the Court does not find that Defendant is a state actor.

DONE this 11th day of May, 2012.

                          <u>s/Bert W. Milling, Jr.</u>
                          UNITED STATES MAGISTRATE JUDGE

    MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
    RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
    FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days  after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.